**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SA'MONE MARQUIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PROSPECT AIRPORT SERVICES,**<br><br>*Defendant.* | **Case No. 2:25-cv-07001-JDW** |

**<u>MEMORANDUM</u>**

Sa'mone Marquis has filed a civil action alleging violations of the Americans With Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), sexual harassment, and asserts Unifi Aviation, LLC[1] was negligent in failing to provide a safe workplace. For the following reasons, I will dismiss parts of the Amended Complaint without prejudice and parts with prejudice. I will grant her leave to file a second amended complaint if she can allege additional facts to cure the deficiencies that I identify in this Memorandum as to the two claims that I dismiss without prejudice.

## I.    BACKGROUND

In 2025, Ms. Marquis was a Unifi employee at the Philadelphia International Airport. During her employment, Ms. Marquis suffered from several diagnosed medical

---

[1] Ms. Marquis named Prospect Airport Services as the Defendant in this case, but Unifi Aviation, LLC acquired Prospect Airport Services, Inc. in April 2024.

conditions, including "asthma exacerbations, chest strain, [and] structural cardiac changes." (ECF No. 14 at ¶ 4.[2]) She submitted several physician notes to Unifi management that detailed her medical conditions and requested unspecified accommodations. Despite these physician notes, Unifi subjected her to unsafe work conditions, including exposure to dust, poor ventilation, and pet dander. Unifi also reassigned her to heavy-duty tasks and long walks, all contrary to medical advice. Ms. Marquis also experienced harassment and interference by third party employees. At some point, Ms. Marquis reported sexual harassment, unsafe working conditions, and ADA violations. Approximately 24 hours later, Unifi "removed [Ms. Marquis] from active employment under the pretext of 'eave as accommodation,' permanently terminating her position and pay." (*Id.* at ¶ 8.)

On October 29, 2025, Ms. Marquis filed suit in the Court of Common Pleas of Philadelphia County, Pennsylvania. Unifi removed the case to this Court on December 12, 2025, and filed its Answer on December 19, 2025. On January 1, 2026, Ms. Marquis filed an Amended Complaint asserting Unifi (1) was negligent in failing to provide a safe workplace and responding to medical emergencies; (2) failed to accommodate her alleged medical condition in violation of the ADA; (3) subjected her to sexual harassment; and (4) retaliated against her after she reported the sexual harassment, unsafe working

---

[2] Ms. Marquis filed an amended complaint on January 1, 2026. An amended complaint supersedes the prior pleading and serves as the governing pleading in a case. *See W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

2

conditions, and ADA accommodation violations. On January 15, 2026, Unifi filed a motion to dismiss Ms. Marquis's Amended Complaint for failure to state a claim upon which relief can be granted. Unifi's motion is ripe for disposition. It seeks to dismiss her failure to accommodate, sexual harassment, negligence, and her retaliation claim concerning unsafe workplace conditions (*i.e.*, the whistleblower aspects of her claim), but it does not challenge the balance of her retaliation claim.

## II.    STANDARD OF REVIEW

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87 (same). First, the court must identify the elements needed to set forth a particular claim. *See id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences

3

from them." *Id.* at 790 (citation omitted). When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    ANALYSIS

### A.    Failure To Accommodate

The ADA bars employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). For any ADA claim, a plaintiff must allege qualified individual status as a threshold requirement to proceed, meaning she must "plead and prove that she held or desired a job, and could perform its essential functions with or without reasonable accommodation, at the time of an employer's alleged act of disability-based discrimination." *See Stanley v. City of Sanford*, 606 U.S. 46, 65 (2025). In addition to alleging qualified individual status, a plaintiff asserting a failure to accommodate claim must allege sufficient facts to support a reasonable inference that (1) she was disabled and her employer knew it; (2) she requested an accommodation or assistance; (3) her employer did not make a good faith effort to assist; and (4) she could have been reasonably accommodated. *See Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017).

Although the Amended Complaint alleges sufficient facts to establish Ms. Marquis's disability and Unifi's knowledge of it, it does not allege that she could perform

the essential functions of her position, with or without a reasonable accommodation. Additionally, the Amended Complaint fails to identify any specific accommodation she requested, explain whether that accommodation was reasonable, or allege that Unifi refused to provide it or engage in an interactive process to determine if it could accommodate her. Without more, Ms. Marquis's underdeveloped failure to accommodate claim is not plausible.

### B.      Sexual Harassment

Ms. Marquis cannot prevail on her sexual harassment claim because the Amended Complaint lacks the requisite factual detail to support her claim. To establish a claim based on a hostile work environment under Title VII, Ms. Marquis must demonstrate that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) there is a basis for *respondeat superior* liability. *See Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023).

Ms. Marquis alleges that Unifi subjected her to repeated harassment and interference by third-party employees and that she reported this conduct to Unifi management. These allegations do not plausibly entitle her to relief. The Amended Complaint fails to allege specific facts supporting sex-based discrimination, the severity of the discrimination, or the detrimental impact. Therefore, Ms. Marquis's sexual harassment claim fails to meet

the plausibility standard for a viable sexual harassment claim and cannot advance without additional factual support.

### C.   Negligence

The Pennsylvania Workers' Compensation Act "provides that it is the exclusive remedy available to employees against employers for work-related injuries." *See Winterberg v. Transp. Ins. Co.*, 72 F.3d 318, 322 (3d Cir. 1995) (citing 77 Pa.C.S.A. § 481(a)). The PWCA remains the exclusive remedy for injuries resulting from "gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence...unless there is a genuine intent to injure." *See Wilson v. Asten-Hill Mfg. Co.*, 791 F.2d 30, 34 (3d Cir. 1986). Ms. Marquis alleges injuries stemming from prolonged exposure to airborne allergens, repeated harassment, and reassignment to heavy-duty tasks. These allegations constitute work-related injuries that fall squarely within the PWCA's scope. The Amended Complaint also fails to plead facts that plausibly suggest Unifi acted with a genuine intent to injure. Therefore, I will dismiss her negligence claim because the PWCA preempts it. Because there are no facts that Ms. Marquis could plead to avoid this outcome, I will dismiss the negligence claim with prejudice, meaning Ms. Marquis may not try to raise it again in a subsequent amended pleading.

### D.   Retaliation/whistleblower issues

The Occupational Safety and Health Act prohibits employers from discharging or discriminating against employees for filing complaints, instituting proceedings, or testifying in matters related to workplace safety. 29 USCS §660(c). Under OSHA, an

employee who believes she was unlawfully fired or discriminated against may file a complaint with the Secretary of Labor within thirty days of the violation. 29 USCS §660(c)(2). OSHA, however, does not create a private cause of action against an employer. *See Ries v. AMTRAK*, 960 F.2d 1156, 1164 (3d Cir. 1992). Accordingly, Ms. Marquis cannot pursue relief under OSHA, and she must seek any remedy through OSHA's administrative enforcement scheme.

Even if I construed the Amended Complaint liberally to assert a claim under the Pennsylvania Whistleblower Law, the claim would still fail. The Pennsylvania Whistleblower Law makes it unlawful for a public employer[3] to retaliate against an employee for making a good faith report of wrongdoing or waste. 43 Pa. Stat. Ann. § 1423. The Amended Complaint does not allege facts showing that Unifi qualifies as a public employer. And a private company providing services to government entities does not qualify as a public employer just because the payments it received were for services rendered in the normal course of business, rather than constituting direct funding from the Commonwealth. *See Bailer v. Shipley Energy Co.*, 338 A.3d 1026, 1033 (Pa. Super. 2025). I will therefore dismiss this claim as well. And, again, because there do not appear to be facts that Ms. Marquis could plead to salvage this claim, I will dismiss it with prejudice.

---

[3] The Pennsylvania Whistleblower Law defines an "employer" to include a public body or any entity that receives money from a public body to perform work or provide services related to the public body. 43 P.S. § 1422.

## IV.    CONCLUSION

I will dismiss the Amended Complaint without prejudice. Given her *pro se* status, I will give Ms. Marquis leave to file a second amended complaint if she can allege additional facts to cure the defects that I have identified in her claims. An appropriate Order follows containing additional instructions as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

May 21, 2026